GUILLERMO MARRERO (Bar No. 099056)
gmarrero@ipglaw.com
JOSHUA J. RICHMAN (Bar No. 243147)
jrichman@ipglaw.com
**INTERNATIONAL PRACTICE GROUP**
A Professional Corporation
1350 Columbia Street Suite 500
San Diego, California 92101
Tel (619) 515-1480
Fax (619) 515-1481

Attorneys for Defendant
BUSCH ENTERTAINMENT CORPORATION

FILED
2008 APR 14 PM 2:23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH RADEN,<br>Plaintiff,<br>v.<br>BUSCH ENTERTAINMENT CORPORATION, a Delaware Corporation, and Does 1 through 20, inclusive,<br>Defendant. | CASE NO. '08 CV 0670 J RBB<br>**NOTICE OF REMOVAL OF ACTION** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant BUSCH ENTERTAINMENT CORPORATION ("Defendant"), hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§1441 and 1446 and Federal Rule of Civil Procedure §81(c).

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. On January 10, 2008, an action was commenced by Plaintiff Ruth Raden ("Plaintiff") by her filing a complaint in the Superior Court of the State of California, County of San Diego, entitled *Ruth Raden v. Busch Entertainment Corporation* (Case No. 37-2008-00075486-CU-PO-CTL) (the "Complaint").

3. The first date upon which Defendant received a copy of the Complaint was March

13, 2008, when Defendant was served with a summons (the "Summons") and a copy of the Complaint. A copy of the Summons and Complaint is attached hereto as Exhibit A.

4. Defendant was at all times relevant to the Complaint, and still is, a corporation incorporated under the laws of the State of Delaware. Defendant's principal place of business is in the State of Missouri. (Declaration of Joshua J. Richman ("Richman Decl.") ¶ 2.) Defendant is therefore not a citizen of the State of California.

5. Defendant is informed and believes that Plaintiff was at all times relevant to the Complaint, and still is, a citizen of the State of California.

6. At the time the Complaint was served, Plaintiff also served on Defendant a Statement of Damages indicating a demand for general damages in excess of $5,000,000. Therefore the amount in controversy requirement of 28 U.S.C. 1332 is satisfied. A copy of the Statement of Damages is attached hereto as Exhibit B.

7. Defendant filed an answer in state court on April 11, 2008 (the "Answer"). A copy of the Answer is attached hereto as Exhibit C.

8. Copies of all process, pleadings and orders served on Defendant are appended to this Notice of Removal as required by 28 U.S.C. §1446.

9. Removal is timely under 28 U.S.C. §1446(b) because Defendant first ascertained that this case was removable on March 13, 2008.

Dated: April 14, 2008

INTERNATIONAL PRACTICE GROUP,
A PROFESSIONAL CORPORATION

By ____________________
GUILLERMO MARRERO
JOSHUA J. RICHMAN
Attorneys for Defendant
BUSCH ENTERTAINMENT CORPORATION

EXHIBIT A

DAVID S. CASEY, JR., SBN 060768,
ROBERT J. FRANCAVILLA, SBN 110429
**CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE 19
CENTRAL DIVISION

08 JAN 10 PM 3:37

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO, CENTRAL BRANCH**

RUTH RADEN,

Plaintiff,

v.

BUSCH ENTERTAINMENT CORPORATION, a Delaware Corporation, and Does 1 through 20, inclusive,

Defendants.

CASE NO. 37-2008-00075486-CU-PO-CTL

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

Comes now the plaintiff RUTH RADEN and for causes of action against the defendants, and each of them, complains and alleges as follows:

1. This court has jurisdiction of this matter in that all defendants are residents of the State of California and the amount in controversy exceeds the statutory limit of this honorable court.

2. Venue before this court is proper in that certain wrongful acts that gave rise to plaintiff's injuries occurred in the City of San Diego, County of San Diego, State of California.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants BUSCH ENTERTAINMENT CORPORATION and Does 1 through 20, and each of them, were in possession of and owned, operated, supervised,

maintained, repaired, and controlled those certain business premises known as the Sea World amusement park located at 500 Sea World Drive, San Diego, California 92109.

4. Defendant BUSCH ENTERTAINMENT CORPORATION is a Delaware corporation authorized to do and doing business in the City of San Diego, County of San Diego, State of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 20, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a DOE is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment.

7. On or about January 15, 2006, plaintiff RUTH RADEN, was an invitee upon the premises of defendant BUSCH ENTERTAINMENT CORPORATION for the purpose of visiting the Sea World amusement park. Because of her elderly age, Ms. RADEN rented a motorized scooter that was provided by defendants BUSCH ENTERTAINMENT CORPORATION and DOES 1 through 20, and each of them, for use by disabled and elderly visitors to the Sea World park. On Ms. RADEN's way out of the park, DOE 1, an employee of defendant BUSCH ENTERTAINMENT CORPORATION and acting in the course and scope of her employment with defendants at all times herein relevant, negligently and carelessly ordered and directed Ms. RADEN to follow a dangerous and circuitous path to Ms. RADEN's vehicle, which resulted in Ms. RADEN's scooter falling over a curb on the Sea World premises and legally caused Ms. RADEN to sustain the serious injuries described below.

## FIRST CAUSE OF ACTION

**NEGLIGENCE**

**(As to all defendants)**

6. On or about January 15, 2006, defendants BUSCH ENTERTAINMENT CORPORATION and DOES 1 through 20, and each of them, carelessly and negligently owned, managed, operated, maintained, designed, set-up, signed, inspected, repaired, controlled, staffed, supervised, promoted and advertised said Sea World amusement park premises in a dangerous, defective and unsafe condition. By reason of said carelessness and negligence of the defendants, and each of them, said business premises were unsafe and dangerous to invitees thereon such as and including plaintiff, RUTH RADEN.

7. The defendants, and each of them, were negligent in that they failed to use reasonable care to keep its property in a reasonably safe condition and/or discover the unsafe condition on its property and failed to warn the plaintiff of said dangerous, defective and unsafe condition although the defendants, and each of them, knew or in the exercise of ordinary care should have known of said condition. Defendants also negligently and carelessly ordered and directed Ms. RADEN to follow a dangerous and circuitous path to Ms. RADEN's vehicle, knowing that said path would expose Ms. RADEN to unnecessary and avoidable dangers.

8. At said time and place and as a direct and legal result of the aforesaid negligence and carelessness of the defendants BUSCH ENTERTAINMENT CORPORATION and DOES 1 through 20, and each of them, the plaintiff was caused to fall from a motorized scooter. Defendants in allowing their business premises to be in a defective and hazardous condition, legally caused plaintiff to suffer severe shock and injuries to plaintiff's nervous system and person, and plaintiff was injured in plaintiff's health, strength and activity, all to plaintiff's general damage in a sum which will be shown according to proof.

9. As a further direct and legal result of said negligence and carelessness of the defendants, and each of them, plaintiff was compelled to and did incur expenses for medical care, hospitalization and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the medical expenses, when ascertained, or to prove said amount at the time of trial.

10. As a direct and legal result of the aforesaid carelessness and negligence of the defendants, and each of them, plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to the duties of plaintiff's usual occupation. Plaintiff has therefore lost earnings and may continue to lose earnings in the future, all in amounts presently unknown. Plaintiff asks leave of court either to amend this complaint to show the amount of lost earnings, when ascertained, or to prove said amount at the time of trial.

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

**(As to all defendants)**

11. Plaintiff incorporates and realleges the above allegations as if fully set forth herein.

12. At all times herein mentioned, defendants BUSCH ENTERTAINMENT CORPORATION and DOES 1 through 20, and each of them owned, operated, managed, designed, constructed, signed, built, repaired, inspected, modified, possessed, maintained, supervised, controlled, surveyed, planned, approved, landscaped, and installed the walkway/pathways and walking surfaces in and around its property and failed to warn of the fall hazard to users of motorized scooters and wheelchairs defendants created and allowed to exist.

13. Upon information and belief, at all times relevant, defendants, and each of them, had control of the above-referenced property including, but not limited to, the

walkway/pathways and walking surfaces, motorized scooters, parking surfaces, and their operation, supervision, management, maintenance, design, construction, inspection, repair, modification, signing, erecting signs, a protective barriers, walkway/pathways and walking surfaces in and around its property.

14. The above described property was in a dangerous condition because, among other things, defendants and each of them, including through their employees, servants, agents and independent contractors, failed to properly own, operate, manage, design, construct, build, sign, repair, inspect, modify, maintain, supervise, control, survey, plan, approve, landscape, failed to erect warnings, failed to erect a protective barrier, failed to provide proper and safe walkway/pathways and walking surfaces on and around its property and failed to warn of the curb hazard at said Sea World amusement park and all surrounding areas and otherwise improperly designed and modified the above-described property and failed to warn of the dangerous condition, including but not limited to the placement and presence of dangerous, unguarded curbs in an area used by motorized scooters and wheelchairs. All of the foregoing dangerous conditions caused plaintiff to suffer the herein described injuries.

15. Plaintiff, while legally using the aforesaid area in a reasonably foreseeable and careful manner, fell over in the motorized scooter she rented from defendants due to the dangerous conditions more fully described above.

16. Defendants, and each of them, knew or should have known that the above-described property, when used in a reasonably foreseeable manner, could result in the same kind of injury that befell plaintiff herein.

17. Said dangerous condition was the legal cause of plaintiff's injuries as set out below.

18. Said dangerous condition of the above-described property was created by defendants BUSCH ENTERTAINMENT CORPORATION and DOES 1 through 20, and each of their employees, agents, servants, and independent contractors, in that said persons carelessly and negligently owned, operated, managed, designed, constructed,

signed, built, repaired, inspected, modified, maintained, supervised, controlled, surveyed, planned, approved, landscaped, failed to erect warnings, signs, protective barriers, failed to warn of the curb hazard at said Sea World amusement park, and failed to create safe walkway/pathways and walking surfaces in and around its property before the date of the subject incident.

19. Defendants, and each of them, had actual and/or constructive notice of said dangerous condition in that they knew, or should have known, of the existence of defects in the above-described property, or knew or should have known, of the circumstances that gave rise to this condition. Defects in the walkway/pathway and walking surfaces, and any and all surrounding areas as more fully described above, were created and allowed to remain by defendants, and each of them, at the time said dangerous condition was designed/built and/or modified and also remained over a long passage of time. Accordingly, defendants, and each of them, knew or should have known of such dangerous condition for a sufficient amount of time to either properly repair or warn of said condition.

20. As a direct and legal result of the aforesaid negligence and carelessness of the defendants, and each of them, and the dangerous condition of the aforesaid property, plaintiff was injured in her health, strength and activity, sustaining severe shock and injury to her nervous system and person, and causing plaintiff mental, physical and nervous pain and suffering and resulting in her disability, all to her general damage in a sum which will be shown according to proof.

21. As a direct and legal result of the aforesaid negligence and carelessness of the defendants and each of them, and the dangerous condition of the aforesaid public property, plaintiff was compelled to and did incur expenses for medical care, hospitalization, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of Court either to amend this complaint so as to show the amount of his medical expenses, when ascertained, or to prove said amount at the time of trial.

## THIRD CAUSE OF ACTION

## NEGLIGENT HIRING AND SUPERVISION

## (As to Defendant Busch Entertainment Corporation and DOES 5-20)

22. Plaintiff hereby incorporates by reference each any every prior allegation in this Complaint as though fully set forth herein.

23. Defendant BUSCH ENTERTAINMENT CORPORATION and DOES 5 through 20, and each of them, negligently and carelessly, employed, supervised, hired, trained, controlled, directed, and managed defendants DOES 1 through 4, and failed to investigate the skill, competence, ability and prior conduct of defendants DOES 1 through 4, and failed to adequately supervise DOES 1 through 4 on the job to determine whether said defendants could perform their job duties in a reasonable manner.

24. Defendants DOES 1 through 4 were unfit to perform the job duties required of them by defendants BUSCH ENTERTAINMENT CORPORATION and DOES 5 through 20, and each of them. Defendants DOES 1 through 4 had a history of carelessness and negligent behavior, and performed their duties in a negligent and careless manner so as to cause Plaintiff's injuries as described herein.

25. Defendants BUSCH ENTERTAINMENT CORPORATION and DOES 5 through 20, and each of them, knew or should have known that defendants DOES 1 through 4 were unfit to perform the job requirements of defendants BUSCH ENTERTAINMENT CORPORATION and DOES 5 through 20, and each of them, and said defendants were negligent in hiring and/or failing to properly supervise defendants DOES 1 through 4, and each of them, so as to legally cause the injuries suffered by Plaintiff as more fully described above.

26. Plaintiff is informed and believes and thereon alleges that subsequent to the incident as herein above alleged, defendants DOES 1 through 4, and each of them, were not disciplined or otherwise subjected to timely disciplinary action by defendants

27. As a direct and legal result of the aforesaid negligence and carelessness of defendants BUSCH ENTERTAINMENT CORPORATION and DOES 5 through 20, and each of them, plaintiff RUTH RADEN sustained the injuries previously described.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them as follows:

1. For general damages according to proof;

2. For loss of earnings, medical expenses, nursing care, caretaking, and housekeeping expenses, property damage, loss of use of personal property, and all incidental expenses according to proof;

3. For interest from the date of accident to the time of judgment;

4. For costs of suit incurred herein; and

5. For such and further relief as to the court deems proper.

DATED: 1/10/08

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD

By: ______________________
DAVID S. CASEY, JR.
Attorneys for Plaintiff

DAVID S. CASEY, JR., SBN 060768,
ROBERT J. FRANCAVILLA, SBN 110429
**CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO, CENTRAL BRANCH**

| | |
|---|---|
| RUTH RADEN,<br><br>Plaintiff,<br><br>v.<br><br>BUSCH ENTERTAINMENT CORPORATION, a Delaware Corporation, and Does 1 through 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>STATEMENT OF DAMAGES |

Plaintiff makes claim against the defendants, and each of them, for general damages in the amount of $5,000,000.00; plus medical expenses, lost wages and all incidental expenses according to proof, and for such other and further relief the Court deems proper.

DATED: 1/10/08

CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD

By: ____________________
DAVID S. CASEY, JR.
Attorneys for Plaintiff

BLUEBIRDonline.com (888) 477-0700

EXHIBIT C

GUILLERMO MARRERO (Bar No. 099056)
gmarrero@ipglaw.com
JOSHUA J. RICHMAN (Bar No. 243147)
jrichman@ipglaw.com
**INTERNATIONAL PRACTICE GROUP**
A Professional Corporation
1350 Columbia Street Suite 500
San Diego, California 92101
Tel (619) 515-1480
Fax (619) 515-1481

2008 APR 11 AM 10: 09

Attorneys for Defendant
BUSCH ENTERTAINMENT CORPORATION

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| RUTH RADEN,<br><br>Plaintiff,<br><br>v.<br><br>BUSCH ENTERTAINMENT CORPORATION, a Delaware Corporation, and Does 1 through 20, inclusive,<br><br>Defendant. | CASE NO. 37-200800075486-CU-PO-CTL<br><br>**ANSWER OF DEFENDANT BUSCH ENTERTAINMENT CORPORATION** |

Defendant BUSCH ENTERTAINMENT CORPORATION ("Defendant"), improperly named in this lawsuit, answers Plaintiff Ruth Raden's ("Plaintiff") unverified complaint as follows:

GENERAL DENIAL

Under the provisions of Section 431.30 of the Code of Civil Procedure of the State of California, Defendant denies generally, each and every allegation of Plaintiff's complaint in its entirety, including every purported cause of action contained in Plaintiff's complaint, and denies that Plaintiff has or will sustain injuries or damages in the sum or sums alleged, or in any other sum or sums, or at all.

Further, Defendant denies that Plaintiff has sustained or will sustain, any injury, damage, or loss, if any, by reason of any acts, omissions, alleged fault or negligence on the part of Defendant upon which to base any cause of action whatsoever, including all causes of action pled by Plaintiff in her complaint.

SEPARATE AFFIRMATIVE DEFENSES

As a further answer to Plaintiff's complaint, Defendant asserts the following affirmative defenses:

I.

FAILURE TO STATE CAUSE OF ACTION

(TO ALL CAUSES OF ACTION)

Plaintiff's complaint fails to state a claim upon which relief can be granted and/or facts sufficient to constitute any valid cause of action against this answering Defendant.

II.

FAILURE TO MITIGATE DAMAGES

(TO ALL CAUSES OF ACTION)

Defendant is informed and believes, and thereon alleges, that Plaintiff has failed to act reasonably to mitigate the damages she has alleged.

III.

ASSUMPTION OF RISK

(TO ALL CAUSES OF ACTION)

Defendant is informed and believes, and thereon alleges, that any damages suffered by Plaintiff were proximately caused by a risk, which the Plaintiff by her actions voluntarily assumed.

IV.

FAIR RESPONSIBILITY ACT OF 1986

(AS TO ALL CAUSES OF ACTION)

Without admitting Defendant has the burden of proof on this or any related issue, Defendant denies any liability to Plaintiff and further alleges that under the Fair Responsibility Act of 1986, liability for general damages, if any, is limited to each person, party or entity's proportionate share of liability or responsibility, if any.

////

////

V.

NEGLIGENCE OF THIRD PARTIES

(AS TO ALL CAUSES OF ACTION)

Defendant alleges that at the time and place referred to in the complaint, a third party or parties acted negligently so as to cause the accident and alleged injuries referred to in the complaint, and that the negligence proximately caused and/or contributed to Plaintiff's damages, if any.

VI.

COMPARATIVE NEGLIGENCE

(AS TO ALL CAUSES OF ACTION)

Defendant alleges that at the time and place referred to in the complaint, Plaintiff negligently conducted herself so as to cause the accident referred to in the complaint.

VII.

RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

(TO ALL CAUSES OF ACTION)

Defendant reserves the right to amend this response and assert additional affirmative defenses and reserves the right to cross-claim against Plaintiff, any other named defendant, or any other third parties.

VIII.

LACK OF JURISDICTION OVER PERSON OR ENTITY

The alleged entity named in the caption is an improperly named party.

////

////

////

////

////

////

PRAYER

WHEREFORE, this answering defendant prays for judgment as follows:

1. That Plaintiff take nothing by its complaint and not be granted any relief;
2. That Plaintiff's complaint be dismissed with prejudice;
3. That this answering defendant be awarded costs of suit, including attorneys fees, incurred herein; and
4. For such other and further relief as this court may deem proper.

Dated: April ____, 2008

INTERNATIONAL PRACTICE GROUP,
A PROFESSIONAL CORPORATION

By________________________________
GUILLERMO MARRERO
JOSHUA J. RICHMAN
Attorneys for Defendant
BUSCH ENTERTAINMENT CORPORATION

GUILLERMO MARRERO (Bar No. 099056)
gmarrero@ipglaw.com
JOSHUA J. RICHMAN (Bar No. 243147)
jrichman@ipglaw.com
**INTERNATIONAL PRACTICE GROUP**
A Professional Corporation
1350 Columbia Street Suite 500
San Diego, California 92101
Tel (619) 515-1480
Fax (619) 515-1481

Attorneys for Defendant
BUSCH ENTERTAINMENT CORPORATION

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| RUTH RADEN,<br><br>Plaintiff,<br><br>v.<br><br>BUSCH ENTERTAINMENT CORPORATION, a Delaware Corporation, and Does 1 through 20, inclusive,<br><br>Defendant. | CASE NO.'08 CV 0670 J RBB<br><br>**PROOF OF SERVICE OF NOTICE OF REMOVAL, DECLARATION OF J. RICHMAN IN SUPPORT OF REMOVAL AND NOTICE TO ADVERSE PARTY** |

I, Kristina De La Rosa, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 1350 Columbia Street, Suite 500, San Diego, CA 92101, which is located in the city, county and state where the mailing described below took place.

**SERVICE BY MAIL:** On April 14, 2008, I served the documents listed below by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid. The envelope was addressed and mailed as follows:

David Casey. Jr.

110 Laurel Street

San Diego, CA 92101

////

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 2008 APR 14 PM 2:23

**I. (a) PLAINTIFFS**
Ruth Raden

**DEFENDANTS**
Busch Entertainment Corporation and Does 1-20 inclusive

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David Casey, Jr. 110 Laurel Street, San Diego, CA 92101

Attorneys (If Known) '08 CV 0670 J RBB
IPG, 1350 Columbia Street, #500, San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1441

Brief description of cause:
Alleged Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
04/14/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 1229 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

SRL 4/14/08

INVOICE NO.
1229

INVOICE
71721 ©2001 REDIFORM® 0S0901

| SOLD TO: | SHIP TO: |
|---|---|
| ADDRESS: | ADDRESS: |
| CITY, STATE, ZIP | CITY, STATE, ZIP |

| CUSTOMER'S ORDER | SOLD BY: | TERMS: | F.O.B. | DATE: |
|---|---|---|---|---|
| | | | | |

| QUANTITY | | DESCRIPTION | PRICE | | AMOUNT | |
|---|---|---|---|---|---|---|
| 1 | 1 | Baden v. Busch Entertaiment | 350 | 00 | — | |
| | 2 | Corp | | | | |
| | 3 | | | | | |
| | 4 | 08cv0670-J | | | | |
| | 5 | | | | | |
| | 6 | | | | | |
| | 7 | BC 8062 | | | | |
| | 8 | | | | | |
| | 9 | | | | | |
| | 10 | | | | | |